UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELBA C. ROBINSON,<br>　　Plaintiff, | CIVIL ACTION NO.<br>3:16-CV-1148 (JCH) |
| v. | |
| DEPARTMENT OF MOTOR VEHICLE,<br>　　Defendant, | NOVEMBER 28, 2017 |

**RULING RE: MOTION TO DISMISS (DOC. NO. 28)**

**I.　INTRODUCTION**

The plaintiff, Melba C. Robinson ("Robinson"), pro se, brings this employment discrimination action against the defendant, the State of Connecticut Department of Motor Vehicles ("DMV"). Robinson asserts race discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq. ("Title VII").[1] DMV initially moved to dismiss Robinson's Title VII claims on March 9, 2017. See Mot. to Dismiss (Doc. No. 28). This court ruled on DMV's Motion to Dismiss (Doc. No. 28) on May 23, 2017, denying it in part and granting it in part. Ruling (Doc. No. 40). Specifically, the court dismissed Robinson's claim related to her August through September 2011 suspension and her hostile work environment claim, but gave Robinson leave to replead those claims if she had a factual basis upon which to plausible allege those claims. Id. The court denied DMV's Motion to Dismiss (Doc. No. 28) with respect to Robinson's claim of discrimination and retaliation stemming from her December 2011 suspension and her termination. Id. Finally, the court struck

---

[1] Robinson also initially asserted claims pursuant to the Americans with Disabilities Act, title 42 section 12101. However, this court has dismissed all ADA claims. See Rec. Ruling (Doc. No. 12) (Merriam, J.) at 8; recommendation adopted, Order (Doc. No. 13).

1

Robinson's jury trial demand with respect to jury determination of back pay, but allowed Robinson's jury trial demand to proceed with respect to jury determination of compensatory damages. Id.

On June 12, 2017, Robinson filed the operative Amended Complaint (Doc. No. 43), expanding on her allegations with respect to her hostile work environment claim. Subsequently, DMV moved to dismiss Robinson's Amended Complaint with respect to her hostile work environment claim. Motion to Dismiss (Doc. No. 46).

For the reasons that follow, DMV's Motion to Dismiss (Doc. No. 46) is granted.

## II. ALLEGED FACTS[2]

Robinson, who is African American, was employed by the Connecticut Department of Motor Vehicles ("DMV) for five years and nine months as a DMV examiner. Amended Complaint ("Am. Compl.") (Doc. No. 43) at 1.

With respect to her hostile work environment claim, Robinson alleges that she had a meeting with the DMV Commissioner regarding the hostile work environment she was experiencing, but DMV management did not take any action. Id. at 2. Robinson alleges that she was subjected to "unannounced" disciplinary meetings on October 12, 2011, April 13, 2012, and January 8, 2013, and asserts that these meetings were an effort by human resources to intimidate her. Id. She further alleges that on February 24, 2012, a Caucasian manager embarrassed her in front of customers by implying that she was a liar, and that when Robinson complained about this behavior she was told to file a grievance and that "management can use any tone they want to use" with her. Id.

---

[2] In deciding a Rule 12(b)(6) motion to dismiss, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Crawford v. Cuomo, 796 F.3d 252, 256 (2d Cir. 2015).

2

Finally, she alleges that the April 13, 2012 meeting was a "setup to make me apologize to" the Caucasian manager who had embarrassed her. Id.

## III. LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether the plaintiff has stated a legally cognizable claim by making allegations that, if true, would show that the plaintiff is entitled to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is entitled to relief'" (alteration in original)). The court takes all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Crawford v. Cuomo, 796 F.3d 252, 256 (2d Cir. 2015). However, the tenet that a court must accept a complaint's allegations as true is inapplicable to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470

F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

## IV. DISCUSSION

A hostile work environment claim requires a showing that "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,'" to such a degree that the plaintiff's conditions of employment are altered and an abusive work environment is created. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). Relevant factors for hostile work environment claims include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 23. "'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (internal citation omitted) (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 82 (1998)). The alleged incidents "must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Id. at 787. Furthermore, in order to violate Title VII's prohibition on race or color discrimination, the conduct at issue must be motivated by the plaintiff's race or color. See Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) ("It is axiomatic that mistreatment at work, whether through subjection to a hostile environment or [otherwise], is actionable under Title VII only when it occurs because of an employee's [protected characteristic].").

DMV argues that Robinson has still failed to adequately allege a hostile work environment claim because the facts she pleads do not plausibly allege that her ability to function in the workplace was subverted, or that the conduct she alleges was

4

motivated by discriminatory intent. Motion to Dismiss (Doc. No. 46) at 6–7.

The court agrees with DMV that Robinson has not plausibly alleged a hostile work environment. First, the conduct that Robinson alleges does not rise to the level of severity necessary to state a hostile work environment claim. The human resources meetings that Robinson cites were not particularly frequent: three meetings occurred between October 2011 and January 2013. Although Robinson asserts that these meetings were designed to intimidate her, she has not alleged that the human resources employee with whom she met was threatening, demeaning, or otherwise created a hostile work environment. In addition, while Robinson asserts that a manager embarrassed her in front of customers by implying that she was lying, that her complaints about this were ignored, and that one of the three meetings was an effort to coerce her into apologizing to the manager, this was an "isolated incident" as opposed to "continuous and concerted" harassment.[3]

Robinson has alleged that the conduct at issue interfered with her work performance: she states that, as a result of these events, she became "very depressed" and "was placed on work-related medical leave for depression and anxiety." Am. Compl. at 2; see also Plaintiff's Response (Doc. No. 57) at 1. However, the hostile work environment standard is an objective one: "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position." Oncale, 523 U.S. at 81. While Robinson may have been so affected that it interfered

---

[3] In her Response to DMV's Motion to Dismiss, Robinson alleges additional facts, including that DMV "conducted an unannounced administrative investigation about [her] without [her] knowledge" and that human resources and management targeted her. Plaintiff's Response (Doc. No. 57) at 1. However, even if Robinson had made these allegations in her Amended Complaint, they would not alter the court's conclusion that Robinson has not alleged sufficiently severe or discriminatory conduct.

5

with her work, her subjective experience does not alter the court's conclusion that she has not alleged objectively severe conduct.

Furthermore, Robinson has failed to plausibly allege that the events she cites as the basis for her hostile work environment claim occurred because of her race or color. See Miller v. Ethan Allen Global, Inc., No. 3:10-CV-1701(JCH); 2011 WL 3704806, at *7 (D. Conn. Aug. 23, 2011) ("In order to sufficiently plead hostile work environment, [the plaintiff] must link the harassment to her [protected characteristic."). Robinson alleges that management did not take her seriously and notes that the manager who embarrassed her in front of customers was Caucasian. Am. Compl. at 2. However, she does not even allege, much less allege facts to support, that the alleged harassment was connected to her race or color. She has therefore failed to adequately allege that the conduct at issue was discriminatory in nature. See, e.g., Khan v. HIP Centralized Laboratory Servs., Inc., No. CV-03-2411 (DGT), 2007 WL 1011325, at *5 (E.D.N.Y. Mar. 30, 2007) ("Because [the plaintiff] is relying on facially neutral incidents, he must offer some additional evidence from which a reasonable jury could infer that these acts were, in fact, discriminatory.").

For the foregoing reasons, Robinson has failed to adequately state a claim of hostile work environment pursuant to Title VII.

## V. CONCLUSION

The Motion to Dismiss (Doc. No. 46) is **GRANTED**, and Robinson's hostile work environment claim is **DISMISSED WITH PREJUDICE**. Nothing in this Ruling alters the court's Ruling (Doc. No. 40) with respect to Robinson's claims of discrimination and retaliation stemming from her December 2011 suspension and her termination, which may proceed.

**SO ORDERED.**

Dated at New Haven, Connecticut this 28th day of November, 2017.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge